UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 30, 2019

Everson Francis
105 Sun Valley Way, Apartment 105
Florham Park, NJ 07932
*Plaintiff, pro se*

Marc A. Deitch, Esq.
Kent & McBride, P.C.
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
*Attorney for Dasheene Matthews, Progressive Insurance,
and Unknown Progressive Insurance Customer Service*

Scott A. Lazar
Barrett Lazar, LLC
145 West Passaic Street, 2nd Fl.
Maywood, NJ 07607
*Attorney for Mavis Discount Tire*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

   Re:   Everson Francis v. Lexis Nexis, et al.
         Civil Action No. 19-6807 (SDW) (LDW)

Litigants:

Before this Court is Defendants Dasheene Matthews, Progressive Insurance, and Unknown Progressive Insurance Customer Service's (collectively, "Defendants") Motion to Dismiss (D.E. 26)[1] Plaintiff Everson Francis's ("Plaintiff") Amended Complaint (D.E. 20) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure

---

[1] Mavis Tire Supply, LLC (styled "Mavis Discount Tire" in Plaintiff's case caption) filed a "Cross Notice of Motion to Dismiss." (D.E. 30.) However, a cross-motion may only be filed in opposition to the original motion. *See* Local Civil Rule 7.1(h); *New Hampshire Ins. Co. v. Diller*, 678 F. Supp. 2d 288, 292 n.1 (D.N.J. 2009), *as amended* (Jan. 13, 2010). This Court will instead consider D.E. 30 as a Notice of Joinder in the pending Motion to Dismiss.

to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). This Court, having reviewed the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, **GRANTS** Defendants' Motion.

## DISCUSSION

    A. <u>Standard of Review</u>

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court." *Id*. at 358. "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

    B. <u>This Court Lacks Subject Matter Jurisdiction to Hear Plaintiff's Complaint</u>

Plaintiff filed his Amended Complaint on May 7, 2019, seeking, *inter alia*, $201 million in damages for various claims, including defamation, negligence, and breach of contract, arising from an undated car accident. (Am. Compl. at 6, 16-25.) Defendants filed the instant motion on July 3, 2019.

A federal district court has diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted 28 U.S.C. § 1332 to require complete diversity at the time the suit is filed. *Strawbridge v. Curtiss*, 3 Cranch 267, 267-68 (1806). To satisfy the requirement of complete diversity, Plaintiff may not be a citizen of the same state as any of the Defendants. 28 U.S.C. § 1332; *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967). As the party asserting its existence, Plaintiff bears the burden of establishing jurisdiction. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

Here, Defendants' 12(b)(1) motion mounts a facial attack because it contends that Plaintiff's Amended Complaint insufficiently alleges that Plaintiff and Defendants are citizens of different states. Although the Amended Complaint alleges that "this case . . . is between citizens of different [s]tates" and that Defendants are citizens or entities of New Jersey, it does not state Plaintiff's citizenship or address. (Am. Compl. at 2-4.) Thus, the Amended Complaint fails on its face to sufficiently allege subject matter jurisdiction.

Defendants' 12(b)(1) motion also mounts a factual attack because it contends that Plaintiff resided in New Jersey when the suit was filed, destroying diversity. Here, "the court may consider and weigh evidence outside the pleadings." *Gould Elecs.*, 220 F.3d at 178. Plaintiff claims he is a resident of Michigan and provides a Michigan driver's license issued in November 2017, 15 months before the suit was filed. (D.E. 31, 35-2.) However, Plaintiff lists a New Jersey address

on multiple items of correspondence with the Court, including his Applications to Proceed in Forma Pauperis. (*See, e.g.*, D.E. 6 at 7 ("Whereas, I, Everson Francis, being duly sworn depose and say: I reside at 105 Sun Valley [W]ay, Florham Park, New Jersey, 07932.").)[2] In one such letter to the Court, Plaintiff states his desire "to move back to Michigan." (D.E. 22 at 1.) Furthermore, Defendants have produced lease renewal notices addressed to Plaintiff for a residence at the same New Jersey address for each of the past three years. (D.E. 35-1.) According to court records produced by Defendants, Plaintiff was recently involved in an eviction case in the New Jersey Superior Court related to his residence at that address. (*See* D.E. 26-5.)[3]

In weighing the evidence, this Court finds that Plaintiff was a resident and citizen of New Jersey when the present suit was filed. *See Lincoln Ben. Life*, 800 F.3d at 104 ("A natural person is deemed to be a citizen of the state where he is domiciled."). As the Defendants are also citizens of New Jersey according to the Amended Complaint, no diversity exists and this Court lacks subject matter jurisdiction over the case.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is **GRANTED**.[4]  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
    Leda D. Wettre, U.S.M.J.

---

[2] Plaintiff's New Jersey address is also listed in his March 2019 letter to this Court, (D.E. 12 at 2, 4), and in bank statements and correspondence attached to his April 2019 letter to this Court, (D.E. 17 at 3 (November 2018 statement from TD Bank), 4-5 (September 2018 and April 2019 correspondence from Wells Fargo)).
[3] *Sun Valley Plaza LLC v. Everson Francis*, No. MRS-LT-2714-18 (N.J. Super. Ct. Law Div. filed Dec. 18, 2018).
[4] Because this Court lacks jurisdiction to hear Plaintiff's claims, it will not address Defendants' motion to dismiss under Rule 12(b)(6).